UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

| | | |
|---|---|---|
| M.S.I. Co's SHIPPING COMPANY LIMITED | § | |
| Plaintiff, | § | C.A. No._____ |
| v. | § | (ADMIRALTY) |
| | § | SECTION |
| | § | |
| M/T OVERSEAS ANTIGMAR, her engines, | § | |
| tackle, *etc*; *in rem;* ANTIGMAR LTD; | § | MAGISTRATE |
| OSG SHIP MANAGEMENT GR LTD, | § | |
| *in personam;* M/V SOPHIE her engines, | § | |
| tackle, *etc*; *in rem*; SOPHIE RICKMERS | § | |
| SCHIFFAHRTS; and UNITEAM | § | |
| MARINE SHIPPING GMBH, *in personam*, | § | |

## ORIGINAL VERIFIED COMPLAINT

Plaintiff, by and through its attorneys, CHALOS & CO, P.C., as for its Complaint against the M/T OVERSEAS ANTIGMAR, her engines, tackle, etc., *in rem*; and ANTIGMAR LTD., OSG SHIPMANAGEMENT GR LTD., *in personam*, and M/V SOPHIE, her engines, tackle, etc., *in* rem, and SOPHIE RICKMERS SCHIFFAHRTS, and UNITEAM MARINE SHIPPING GMBH, *in personam*, alleges upon information and belief, as follows:

## SUBJECT MATTER JURISDICTION

1.   This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. Jurisdiction exists pursuant to the admiralty and maritime jurisdiction of the United States courts as provided under 28 U.S.C. §1333. This Complaint includes claims *in rem* with a prayer for process of maritime arrest pursuant to Rule C of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure ("Supplemental Rules").

## THE PARTIES

2. Plaintiff, M.S.I. Co's SHIPPING COMPANY LIMITED, is a corporation with an office in Houston, Texas.

3. *In rem* Defendant M/T OVERSEAS ANTIGMAR is a tanker vessel, registered in the Marshall Islands, with IMO Number 9271834 and call sign V7HP5, and currently is, or, during the pendency of this action, will be in this District and within the jurisdiction of his Honorable Court.

4. Upon information and belief, at all times material hereto, *in personam* Defendant ANTIGMAR LTD. ("ANTIGMAR"), was the registered owner of the M/T OVERSEAS ANTIGMAR and is a foreign business entity that does not appear to have a regular place of business in Texas, nor a domestic agent upon whom process may be served, but does maintain sufficient business contacts with the state of Texas so as to make it amenable to service of process, pursuant to section 17.044(a)(3), *et. seq.* of the Texas Civil Practice and Remedies Code. Accordingly, Plaintiff requests service on ANTIGMAR by serving the Texas Secretary of State, Citations Unit, P. O. Box 12079 Austin, Texas 78711-2079, who in turn shall forward the Verified Complaint to the home office address of ANTIGMAR at 110 Vouliagmenis Avenue and Zamanou Street, Glyfada, Athens, Greece.

5. Upon information and belief, *in personam* Defendant OSG SHIP MANAGEMENT (GR) LTD. ("OSG") is a foreign business entity that does not appear to have a regular place of business in Texas, nor a domestic agent upon whom process may be served, but does maintain sufficient business contacts with the state of Texas so as to make it amenable to service of process, pursuant to section 17.044(a)(3), *et. seq.* of the

Texas Civil Practice and Remedies Code. Accordingly, Plaintiff requests service on OSG by serving the Texas Secretary of State, Citations Unit, P. O. Box 12079, Austin, Texas 78711-2079, who in turn shall forward the Verified Complaint to the home office address of OSG at 110 Vouliagmenis Avenue and Zamanou Street, Glyfada, Athens, Greece.

6. *In rem* Defendant M/V SOPHIE is a dry cargo vessel, registered in Liberia, with IMO Number 9131278 and call sign ELXL6 which currently is or, during the pendency of this action, will be in this District, and within the jurisdiction of his Honorable Court.

7. Upon information and belief, *in personam* Defendant SOPHIE RICKMERS SCHIFFAHRTS ("RICKMERS") is a foreign business entity that does not appear to have a regular place of business in Texas, nor a domestic agent upon whom process may be served, but does maintain sufficient business contacts with the state of Texas so as to make it amenable to service of process, pursuant to section 17.044(a)(3), *et. seq.* of the Texas Civil Practice and Remedies Code. Accordingly, Plaintiff requests service on RICKMERS by serving the Texas Secretary of State, Citations Unit, P. O. Box 12079, Austin, Texas 78711-2079, who in turn shall forward the Verified Complaint to the home office address of RICKMERS at Glockengiesserwall 3, 20095 Hamburg, Germany.

8. Upon information and belief, *in personam* Defendant UNITEAM MARINE SHIPPING GMBH ("UNITEAM") is a foreign business entity that does not appear to have a regular place of business in Texas, nor a domestic agent upon whom process may be served, but does maintain sufficient business contacts with the state of Texas so as to make it amenable to service of process, pursuant to section 17.044(a)(3),

*et. seq.* of the Texas Civil Practice and Remedies Code. Accordingly, Plaintiff requests service on UNITEAM by serving the Texas Secretary of State, Citations Unit, P. O. Box 12079, Austin, Texas 78711-2079, who in turn shall forward the Verified Complaint to the home office address of UNITEAM at Glockengiesserwall 3, 20095 Hamburg, Germany.

9. At all times material hereto, ANTIGMAR was the registered owner of the M/T OVERSEAS ANTIGMAR.

10. At all times material hereto, OSG was the operator and manager of the M/T OVERSEAS ANTIGMAR.

11. At all times material hereto, RICKMERS was the registered owner of the M/V SOPHIE.

12. At all times material hereto, UNITEAM was the operator and manager of the M/V SOPHIE.

## PERSONAL JURISDICTION AND VENUE

13. At all times material hereto, all acts and omissions complained of occurred within the Greater Port of Houston area, in the Houston Ship Channel and marine environs and, accordingly, within the jurisdiction and venue boundaries of this Honorable Court's District and the navigable waters of the United States.

14. At all times material hereto, the Defendants' acts and omissions on which this suit is based constituted torts committed by and through the operation of vessels in Texas by the said Defendants, and, accordingly, all *in personam* Defendants are deemed to have done business in Texas in accordance with section 17.042 of the Texas Civil

Practice & Remedies Code, though they have neither designated nor maintained a resident agent is the State of Texas.

## SUBSTANTIVE FACTUAL ALLEGATIONS

15. On or about January 15, 2010, Plaintiff's equipment, to wit: a 60 foot long aluminum gangway, was deployed as the ship-shore access gangway for the OVERSEAS ANTIGMAR, which lay at berth at Magellan Terminal Dock No. 2, in the care of her Master and complement, who were employees of Defendants ANTIGMAR and OSG.

16. At approximately 14:30 hours on January 15, 2010, while the OVERSEAS ANTIGMAR was moored at the said terminal and dock, she was negligently allowed by her Master and crew to surge, range, and move within her berth and to part from some of her moorings and in the process damaged Plaintiff's gangway.

17. The movement of the OVERSEAS ANTIGMAR could have been prevented with the exercise of ordinary care and competent seamanship on the part of her Master and crew, which should have included: the adequate tending of the ship's mooring winches and lines; an adequate mooring arrangement; employment of sound mooring ropes; the observance of safe practices while lying in a berth of the nature and characteristics occupied by the vessel at the relevant time; and the maintenance of an adequate watch onboard, while the vessel lay moored alongside.

18. The acts and omissions set out in the above and foregoing paragraphs constituted failure to exercise ordinary care on the part of Defendant ANTIGMAR and rendered the "OVERSEAS ANTIGMAR" unseaworthy.

19. At all times material hereto, the operative force which caused the "OVERSEAS ANTIGMAR" to surge and move within her berth was the wavewash and suction created by the passing M/V "SOPHIE" which passed abreast or nearly abreast the berthed "OVERSEAS ANTIGMAR", being navigated negligently and in a manner contrary to good seamanship, at an excessive speed, and without adequate caution for the avoidance of damage to property and installations in the vicinity.

20. At all times material hereto, the M/V "SOPHIE" was manned and operated in a manner that constituted her unseaworthy.

21. As a result of the negligence of Defendants ANTIGMAR, OSG, RICKMERS and UNITEAM, their respective agents, servants and employees, and the unseaworthiness of the vessel's "OVERSEAS ANTIGMAR" and the "SOPHIE", Plaintiff's gangway was severely damaged, was rendered unsafe and unfit for further use, and was withdrawn from the Magellan Terminal for extensive repairs.

22. To avoid the economic consequences of not having available on demand for hire at Magellan Terminal the gangway that Defendants damaged, Plaintiff was obliged to hire a substitute gangway at a total cost of $ 81,150.00, until the damaged gangway was repaired and rendered fit for service. In addition, as a direct result of the Defendants' acts and omissions complained hereof, Plaintiff incurred further and additional damages as follows: cost of repairing and restoring the damaged gangway- $ 36,000; storage and transportation charges of damaged gangway - $ 4,600; surveyor's and testing costs -$405.00. Accordingly, Plaintiff's damages from the above described events, exclusive of interest, are the total sum of $122,155.00, which Plaintiff is entitled to recover together with prejudgment interest from the date of the incident.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff M.S.I. Co's SHIPPING COMPANY LIMITED prays that process *in rem* in due form of law according to the practice and usages of this Court in causes of admiralty and maritime jurisdiction in accordance with the provisions of Rule C of the Supplemental Rules for Certain Admiralty and Maritime Claims issue against the vessels "OVERSEAS ANTIGMAR," and "SOPHIE" and their respective engines, tackle, cargo pumps, apparel, etc. and all persons claiming an interest therein be required to appear and answer under oath, all and singular the matters aforesaid; and that process *in personam* issue against the defendants ANTIGMAR LTD; OSG SHIP MANAGEMENT GR LTD; SOPHIE RICKMERS SCHIFFAHRTS and UNITEAM MARINE SHIPPING GMBH, citing them to appear and answer all the matters aforesaid, and after due proceedings had, the Plaintiff have judgment in his favor for the principal amount of $122,155.00, together with pre-judgment interest, post-judgment interest, costs and attorney fees; and that the *in rem* Defendants M/T "OVERSEAS ANTIGMAR" and "SOPHIE" be seized, sold and condemned to satisfy the said judgment; and that Plaintiff be granted such other and further relief that the Court deems just, equitable and proper.

Date: June 24, 2010

    Respectfully Submitted,

    /s/ George A. Gaitas
    George A. Gaitas
    State Bar No.24058885
    Federal Bar No.705176
    **Chalos & Co, P.C.**
    675 Bering Dr., Ste 275
    Houston, Texas 77057
    Telephone: (713) 936-2427
    Fax: (713) 782-5274
    e-mail:gaitas@chaloslaw.com
    *Attorney for Plaintiff*

## VERIFICATION

Under penalties of perjury, Spiro Mayionos, as President of the Plaintiff, M.S.I. Co's SHIPPING COMPANY LIMITED, declares under oath that he has read the above and foregoing Complaint and that the allegations are true and correct to the best of his knowledge, information and belief based on Plaintiffs' personal knowledge, corporate records and conversations with the Plaintiff's authorized officers and employees.

Notary Public

STATE OF TEXAS

COUNTY OF HARRIS

)
)
)

SWORN TO AND SUBSCRIBED BEFORE ME ON THIS 24 DAY OF June ~~2009~~ 2010

State of Texas   County of Harris
Subscribed and sworn before me on, June 24, 2010
                                        (Date)
Megan A. Cahill
(Notary Signature)



MEGAN A CAHILL
Notary Public
STATE OF TEXAS
My Comm. Exp. August 18, 2012